**E. Lorraine COLBERT, Appellant,**

v.

**Elaine CHAO, Secretary, U.S. Department of Labor, Appellee.**

No. 01–5293.

United States Court of Appeals, District of Columbia Circuit.

Dec. 16, 2002.

Before RANDOLPH and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia, on the briefs filed by the parties, and on the oral arguments of counsel. It is

ORDERED and ADJUDGED that the district court's grant of summary judgment be affirmed.

Plaintiff E. Lorraine Colbert asserts that her authority and duties as Chief of the Division of Legislative Affairs in the Occupational Safety and Health Administration were incrementally withdrawn because of her race and age, in violation of 42 U.S.C. §§ 2000e–2, 2000e–3 and 29 U.S.C. § 623, respectively. Defendant Secretary of Labor offered two explanations for the changing duties of plaintiff. First, defendant presented evidence that many of the subordinates who plaintiff asserts usurped her authority were hired pursuant to the Presidential Management Intern and Outstanding Young Scholars programs, both of which envisioned providing those employees with interesting work and substantial responsibility. *See* Appendix at 52–53, 71–72, 76, 86. Second, defendant proffered evidence that any changes in plaintiff's authority were due to a broad attempt by the agency to "flatten the organization, move away from a hierarchical structure, and encourage more of a collegial kind of environment where everybody would work together in a non-structured way." In response, plaintiff "offered nothing beyond her own speculations and allegations to refute the [defen-

dant's] legitimate, non-discriminatory reasons for its decisions." *Brown v. Brody,* 199 F.3d 446, 458 (D.C.Cir.1999). Accordingly, plaintiff has failed to satisfy her "burden of showing that a reasonable jury could conclude that" her authority or duties were changed on account of her race or age. *Aka v. Washington Hosp. Ctr.,* 156 F.3d 1284, 1290 (D.C.Cir.1998).

We further hold that the district court did not err in dismissing plaintiff's retaliation claim. Although plaintiff averred that her supervisor became angry with and yelled at her sometime after she filed an Equal Employment Opportunity complaint, she presented no other evidence of retaliation. Nor did she offer any evidence as to what the supervisor said during his outburst. At oral argument, plaintiff's counsel conceded that plaintiff could not recall the substance of the conversation. We hold that on these facts, a reasonable jury could not have found that plaintiff was subjected to unlawful retaliation.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).